UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Darby Neagle,<br><br>           Petitioner<br><br>v.<br><br>Calvin Johnson, et al.,<br><br>           Respondents | Case No. 2:21-cv-01664-JAD-EJY<br><br>**Order Dismissing Petition for Writ of Habeas Corpus Without Prejudice**<br><br>[ECF No. 1] |

Petitioner Darby Neagle, a Nevada state prisoner represented by counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] Because Neagle's earlier-filed federal habeas action challenging the same conviction is still pending, I dismiss the instant petition without prejudice and instruct Neagle to file a motion to amend in the earlier-filed federal habeas matter.

**Background**

Neagle challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County in *State of Nevada v. Darby Neagle*, Case No. C-16-318560-1.[2] In February 2020, the state court entered a judgment of conviction for driving and/or being in actual physical control of a motor vehicle while under the influence of an intoxicating liquor or alcohol resulting in substantial bodily harm. The Nevada Court of Appeals affirmed that conviction. In June 2020, Neagle filed a state petition for writ of habeas corpus. The state court denied post-conviction relief. Neagle represents that he filed a post-conviction appeal and the Nevada Court of Appeals affirmed the denial of relief.

On February 10, 2021, Neagle filed a federal habeas petition, alleging two grounds for

---

[1] ECF No. 1.

[2] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

relief challenging the same conviction and sentence.³ The respondents filed a motion to dismiss,⁴ which remains pending. On September 9, 2021, Neagle filed this second habeas matter, alleging one ground for relief.⁵ He indicates that he filed the first federal habeas petition "on an unrelated issue."⁶

## Discussion

Habeas Rule 4 requires the assigned judge to examine each petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.⁷ This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects.⁸ "Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition."⁹ The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). Under that provision, a successive application is permissible only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction.¹⁰ Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court.¹¹

---

³ *See Neagle v. Johnson*, Case No. 2:21-cv-00225-KJD-BNW.

⁴ *Id.* at ECF No. 4.

⁵ ECF No. 1.

⁶ *Id.* at 2.

⁷ *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

⁸ *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

⁹ *Cooper v. Calderon,* 274 F.3d 1270, 1273 (9th Cir.2001); *See also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

¹⁰ 28 U.S.C. § 2244(b)(2).

¹¹ *Id*.

1     However, "[a]s a general principle, . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated."[12] The Ninth Circuit has held that "when a *pro se* petitioner[13] files in the district court while an earlier-filed petition is still pending, the district court must construe the new petition as a motion to amend the pending petition" rather than a second or successive petition[14] because "[a] petitioner who seeks to assert new claims before his first petition has been finally adjudicated is not, by any stretch, abusing the writ. He is instead attempting, as the abuse-of-the-writ doctrine requires, to litigate all available claims in a single proceeding."[15]

    Here, although Neagle's two petitions state different grounds for relief, they both challenge the same state conviction. As required by the Ninth Circuit, I will not construe Neagle's instant habeas petition as a second or successive petition, but I find no reason to maintain two separate actions. District courts retain broad discretion to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal."[16] Accordingly, I dismiss this second habeas petition without prejudice and instruct Neagle to file a motion to amend with an attached proposed comprehensive amended petition in the earlier filed federal habeas action, *Neagle v. Johnson*, Case No. 2:21-cv-00225-KJD-BNW.[17][18]

    IT IS THEREFORE ORDERED that Petitioner Darby Neagle's Petition for Writ of Habeas Corpus **[ECF No. 1] is DENIED without prejudice.**

    IT IS FURTHER ORDERED that Petitioner is **denied a certificate of appealability**, as

---

[12] *Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016).

[13] Petitioner is not proceeding *pro se* in this action or the earlier-filed action.

[14] *Id.* at 1192 (citing *Woods*, 525 F.3d at 887–90).

[15] *Goodrum*, 824 F.3d at 1194.

[16] *Thompson v. Hous. Auth. of City of Los Angeles,* 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).

[17] A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12 of the Rules Governing § 2254 Cases (recognizing general applicability of rules of civil procedure in habeas).

jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **ENTER FINAL JUDGMENT ACCORDINGLY AND CLOSE THIS CASE.**

IT IS FURTHER ORDERED that **within 30 days of the date of this order**, Petitioner must file a motion to amend with an attached proposed comprehensive amended petition in the earlier-filed federal habeas action, *Neagle v. Johnson*, Case No. 2:21-cv-00225-KJD-BNW.

_____
U.S. District Judge Jennifer A. Dorsey
Dated October 13, 2021