UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARBY NEAGLE, | Case No. 2:21-cv-00225-KJD-BNW |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, et al., | |
| Respondents. | |

Respondents have moved to dismiss Darby Neagle's 28 U.S.C. § 2254 habeas corpus petition as non-cognizable and/or unexhausted (ECF No. 4). As discussed below, the motion is denied.

I.      **Procedural History and Background**

On September 5, 2019, Neagle pleaded guilty to driving and/or being in actual physical control of a motor vehicle while under the influence of an intoxicating liquor or alcohol resulting in substantial bodily harm (exhibit 105).[1]  The State agreed to drop the leaving the scene of an accident charge. *Id*. The plea agreement arose from an incident in which Neagle, while intoxicated, drove his truck up onto the sidewalk in front of a liquor store, pinning a store employee to a wall, severely injuring him, then drove away from the scene. *See* exh. 22, pp. 14-20. The state district court sentenced him to a term

---

[1] The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 4, and are found at ECF Nos. 5-8.

of 36 to 120 months in prison.  Exh. 117.  Judgment of conviction was entered on February 19, 2020.  *Id*.

The Nevada Court of Appeals affirmed Neagle's conviction in July 2020 and affirmed the denial of his state postconviction habeas corpus petition in March 2021.  Exhs. 150, 173.

Neagle filed his federal habeas petition February 10, 2021 (ECF No. 1).  Respondents now move to dismiss the petition as noncognizable and/or unexhausted (ECF No. 4). Neagle opposed, and respondents replied (ECF Nos. 9, 10).

## II. Legal Standard & Analysis

### a. Claims Cognizable in Federal Habeas Corpus (state law claims)

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a).  Alleged errors in the interpretation or application of state law do not warrant habeas relief.  *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004); *see also Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) ("noting that [the federal court] ha[s] no authority to review a state's application of its own laws").

### b. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### c. Neagle's Petition

Neagle contends in ground 1 that the amended information charged him with a Driving Under the Influence (DUI) offense of the district attorney's own making by commingling statutory "elements" from two separate crimes, NRS 484C.110 (misdemeanor) and NRS 484C.430 (felony). Thus, he argues the information did not charge a crime and did not confer subject matter jurisdiction on the state district court (or any court). He insists that there is no state statute authorizing or making the commingling of NRS 484C.110 and NRS 484C.430 a public offense, and without such a statute, there is no crime. NRS 193.050(1) (ECF No. 1, pp. 5-7). In ground 2 he claims that because the amended information did not charge a public offense, the Nevada courts lacked subject matter jurisdiction. *Id*. at 7-12. Neagle asserts that United States Supreme Court law requires that the formal accusation set forth the elements of the offense intended to be charged and not substitute elements from other separate and distinct statutory crimes to confer subject matter jurisdiction.

The amended information charged Neagle with:

> Driving and/or being in actual physical control of a motor vehicle while under the influence of an intoxicating liquor or alcohol resulting in substantial bodily harm (Category B Felony – NRS 484C.110, 484C.430, 484C.105) . . . [for] willfully and unlawfully driv[ing] and/or be[ing] in actual physical control of a motor vehicle on a highway or on premises to which the public has access [while intoxicated].

Exh. 104.

Neagle's argument is that the amended information did not charge a public offense because of the way it described the location of the crime. He asserts that the amended information combined different elements of NRS 484C.430 and NRS 484C110 together, with the result that the State failed to adequately charge him with a criminal offense.

Both NRS 484C.110(1) and NRS 484C.430(1)(f) criminalize driving or operating a vehicle while intoxicated. NRS 4840.110(1) criminalizes being intoxicated with a blood or breath alcohol concentration of 0.08 or more while driving or being "in actual physical

4

control of a vehicle on a highway or on premises to which the public has access." NRS 484C.430(1)(f) provides that a defendant who:

> has a prohibited substance in his or her blood or urine, as applicable, in an amount that is equal to or greater than the amount set forth in subsection 3 or 4 of NRS 484C.110, and does any act or neglects any duty imposed by law while driving or in actual physical control of any vehicle on or off the highways of this State, if the act or neglect of duty proximately causes the death of, or substantial bodily harm to, another person, is guilty of a category B felony. . . .

(Emphasis added.) "Highway" is defined as "the entire width between the boundary lines of every way dedicated to a public authority when any part of the way is open to the use of the public for purposes of vehicular traffic, whether or not the public authority is maintaining the way." NRS 484A.095. Thus, under NRS 484C.430, a defendant who, while intoxicated, drives a vehicle anywhere in Nevada and causes a victim substantial bodily harm is guilty of a category B felony. *See Hudson v. Warden*, 117 Nev. 387, 395-96, 22 P.3d 1154, 1160 (2001) (determining that the district court had jurisdiction over offenses occurring both on the highway and off the highway under NRS 484.3795 (later substituted by NRS 484C.430)).

Whether these claims are purely matters of state law is a close question here. The court declines to dismiss the petition as noncognizable in federal habeas corpus.

Next, respondents argue that the petition is unexhausted because Neagle did not raise his claims as federal constitutional claims to the state appellate court (ECF No. 4). The Nevada Court of Appeals analyzed Neagle's claims purely as matters of state law. Exh. 150. However, this court concludes that Neagle sufficiently referenced United States Supreme Court law to alert the Nevada Court of Appeals that he asserted violations of his federal rights. The court, therefore, deems the petition exhausted.

### III.    Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents have **60 days** from the date of this order in which to file an answer to the petition. The answer must contain all substantive and procedural arguments and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner will have **45 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that petitioner's motion to strike respondent's reply in support of the motion to dismiss (ECF No. 11) is **DENIED**. *See* Local Rule 7-2.

DATED: 28 January 2022.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE