UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARBY NEAGLE,<br><br>                              Petitioner,<br><br>         v.<br><br>STATE OF NEVADA, et al.,<br><br>                              Respondents. | Case No. 2:21-cv-00225-KJD-BNW<br><br>ORDER |

Respondents have answered Darby Neagle's 28 U.S.C. § 2254 habeas corpus petition. (ECF No. 17.) As discussed below, the petition is denied.

**I.    Procedural History and Background**

In September 2019, Neagle pleaded guilty to driving and/or being in actual physical control of a motor vehicle while under the influence of an intoxicating liquor or alcohol resulting in substantial bodily harm. (Exhibit 105).[1] The State agreed to drop the leaving the scene of an accident charge. *Id*. The plea agreement arose from an incident in which Neagle, while intoxicated, drove his truck up onto the sidewalk in front of a liquor store, pinning a store employee to a wall, severely injuring him, then drove away from the scene. (*See* Exh. 22, pp. 14-20.) The state district court sentenced him to a term of 36 to 120 months in prison. (Exh. 117.) Judgment of conviction was entered on February 19, 2020. *Id*.

---

[1] The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 4, and are found at ECF Nos. 5-8.

1

The Nevada Court of Appeals affirmed Neagle's conviction in July 2020 and affirmed the denial of his state postconviction habeas corpus petition in March 2021. (Exhs. 150, 173.) Neagle filed his federal habeas petition on February 10, 2021. (ECF No. 1.) Respondents have answered the two grounds for relief, and Neagle replied. (ECF Nos. 17, 21.)

## II.     Legal Standard & Analysis

### A.  AEDPA Standard of Review

28 U.S.C. § 2254(d) sets forth the standard of review generally applicable in habeas corpus cases under the Antiterrorism and Effective Death Penalty Act ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). A state court decision is an unreasonable application of clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d) "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 75 (quoting *Williams*, 529 U.S. at 413).

2

"The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable." *Id.* (quoting *Williams*, 529 U.S. at 409–10) (internal citation omitted).

The Supreme Court has instructed that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has stated "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer*, 538 U.S. at 75); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the standard as a "difficult to meet" and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt" (internal quotation marks and citations omitted)).

To the extent that the petitioner challenges the state court's factual findings, the "unreasonable determination of fact" clause of § 2254(d)(2) controls on federal habeas review. *See, e.g., Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id*. The governing standard is not satisfied by a mere showing that the state court finding was "clearly erroneous." *Lambert*, 393 F.3d at 973. Rather, AEDPA requires substantially more deference:

> .... [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence. The petitioner bears the burden

of proving by a preponderance of the evidence that he is entitled to habeas relief. *Cullen*, 563 U.S. at 181.

**B. Neagle's Petition**

Neagle contends in ground 1 that the amended information charged him with a Driving Under the Influence (DUI) offense of the district attorney's own making by commingling statutory "elements" from two separate crimes, NRS 484C.110 (misdemeanor) and NRS 484C.430 (felony). Thus, he argues the information did not charge a crime and did not confer subject matter jurisdiction on the state district court (or any court). He insists that there is no state statute authorizing or making the commingling of NRS 484C.110 and NRS 484C.430 a public offense, and without such a statute, there is no crime. (NRS 193.050(1), ECF No. 1, pp. 5-7.) In ground 2 he claims that because the amended information did not charge a public offense, the Nevada courts lacked subject matter jurisdiction. *Id*. at 7-12. Neagle asserts that United States Supreme Court law requires that the formal accusation set forth the elements of the offense intended to be charged and not substitute elements from other separate and distinct statutory crimes in order to confer subject matter jurisdiction.

The amended information charged Neagle with:

> Driving and/or being in actual physical control of a motor vehicle while under the influence of an intoxicating liquor or alcohol resulting in substantial bodily harm (Category B Felony – NRS 484C.110, 484C.430, 484C.105) . . . [for] willfully and unlawfully driv[ing] and/or be[ing] in actual physical control of a motor vehicle on a highway or on premises to which the public has access [while intoxicated].

(Exh. 104.)

"An indictment must set forth each element of the crime that it charges." *Almendarez-Torres v. U.S*., 523 U.S. 224, 228 (1998). Nevada is a "notice pleading" state, which means that a charging document "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." NRS 173.075(1). A charging document in Nevada "is intended solely to put the defendant on

formal written notice of the charge he must defend." *Sanders v. Sheriff, Washoe County*, 85 Nev. 179, 181-82, 451 P.2d 718, 720 (1969).

Neagle's argument is that the amended information did not charge a public offense because of the way it described the location of the crime. He asserts that the amended information combined different elements of NRS 484C.430 and NRS 484C110 together, with the result that the State failed to adequately charge him with a criminal offense.

Both NRS 484C.110(1) and NRS 484C.430(1)(f) criminalize driving or operating a vehicle while intoxicated. NRS 4840.110(1) criminalizes being intoxicated with a blood or breath alcohol concentration of 0.08 or more while driving or being "in actual physical control of a vehicle on a highway or on premises to which the public has access." NRS 484C.430(1)(f) provides that a defendant who:

> has a prohibited substance in his or her blood or urine, as applicable, in an amount that is equal to or greater than the amount set forth in subsection 3 or 4 of NRS 484C.110, and does any act or neglects any duty imposed by law while driving or in actual physical control of any vehicle on or off the highways of this State, if the act or neglect of duty proximately causes the death of, or substantial bodily harm to, another person, is guilty of a category B felony. . . .

"Highway" is defined as "the entire width between the boundary lines of every way dedicated to a public authority when any part of the way is open to the use of the public for purposes of vehicular traffic, whether or not the public authority is maintaining the way." NRS 484A.095. Thus, under NRS 484C.430, a defendant who, while intoxicated, drives a vehicle anywhere in Nevada and causes a victim substantial bodily harm is guilty of a category B felony. *See Hudson v. Warden*, 117 Nev. 387, 395-96, 22 P.3d 1154, 1160 (2001) (determining that the district court had jurisdiction over offenses occurring both on the highway and off the highway under NRS 484.3795 (later substituted by NRS 484C.430)).

Neagle argued in a pretrial habeas corpus petition that the offense occurred on a private walkway. The State charged him with an offense occurring on a highway or

premises to which the public has access, and Neagle argued that no evidence was presented at the preliminary hearing that the incident occurred on a highway or premises to which the public had access. (*See* Exh. 29.) The state district court rejected that hypertechnical argument. The court concluded that the statutes clearly contemplated that Neagle's actions here—driving up on the sidewalk in front of a store while intoxicated and severely injuring someone—would constitute a DUI offense. (*Id*. at 20-21.) The Nevada Court of Appeals affirmed the denial of the pretrial petition:

> Based on the record provided to this court, it appears the State presented sufficient evidence to support a charge of driving under the influence of intoxicating liquor or alcohol resulting in substantial bodily harm based on a theory that Neagle willfully and unlawfully drove or was in actual physical control of a motor vehicle on premises to which the public has access while he was under the influence of an intoxicating liquor or alcohol. *See Sheriff v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980) ("The finding of probable cause may be based on slight, even 'marginal' evidence."). Contrary to Neagle's assertion, there is no language in NRS 484A.185 that limits "[p]remises to which the public has access" only to areas used for vehicular travel. *Compare* NRS 484A.185 with NRS 484A.190 (defining "private way" and "driveway" as "every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not from other persons").

(Exh. 33 at 3.)

Thereafter, Neagle entered into a guilty plea agreement. (Exh. 107.) He pleaded guilty to one count of driving and/or being under the influence resulting in substantial bodily harm, and the second count -- leaving the scene of an accident – was dismissed. (*Id*.) When he entered his plea, Neagle agreed with the court's recitation of events:

> . . . you did at that time willfully and lawfully drive and/or be in actual physical control of a vehicle while in the area of 8645 S. Rainbow Boulevard. And at the time that you were driving that vehicle, you were under the influence of intoxicating liquor to a degree which rendered you incapable of safely driving and/or you had a concentration of .08 or more alcohol content in your blood and/or you were found to have that concentration of alcohol in your blood within two hours after driving. And at the time of driving the vehicle, you failed to pay full time and attention to your driving and/or exercise due care. All of which resulted in a collision that caused substantial bodily harm with John Michael Monroe.

(*Id*. at 6-7.)

Before sentencing, Neagle filed a motion in arrest of judgment. (Exh. 109.) He argued that an indictment or information cannot be valid when it combines two separate elements. (Exh. 115.) The state district court denied the motion, noting that the court thought there was a good argument to be made that Neagle waived this argument when he pleaded guilty. (*Id*.; Exh. 125.)[2]

Neagle raised these claims again in his state postconviction habeas corpus petition. (Exh. 138.) The Nevada Court of Appeals affirmed the denial of the petition:

> Through pre-trial motions, Neagle twice challenged how the amended information pled the location of the crime. After his challenges were denied, Neagle accepted a plea offer wherein he pleaded guilty to one count of driving and/or being in physical control of a motor vehicle while under the influence of an intoxicating liquor or alcohol resulting in substantial bodily harm, a category B felony under NRS 484C.430. As part of the plea agreement, Neagle admitted that the facts alleged in the amended information sufficiently supported the elements of the offense to which he pleaded guilty, that he discussed the original charges with his attorney, and that he understood the nature of the charges.
>
> At the sentencing hearing three months later, the district court adjudicated Neagle guilty, but before it could impose sentence Neagle filed a motion for arrest of judgment under NRS 176.525, arguing that the district court lacked jurisdiction to convict him. Neagle contended that the amended information did not charge a public offense because of the way it described the location of the crime. Specifically, Neagle argued that the amended information combined different elements of NRS 484C.430 and NRS 484C.110 together and, in doing so, the State failed to adequately charge him with a criminal offense. The district court denied Neagle's motion, concluding that the amended information charged a public offense under NRS 484C.430 and provided facts supporting each element. The district court further concluded that the error in the amended information did not prejudice Neagle.
>
> When charging a defendant by way of information, the State must provide a "plain, concise and definite written statement of the essential facts constituting the offense charge . . . [and] the official or customary citation of the statute . . . which the defendant is alleged therein to have violated." NRS 173.075. When the information "does not charge an

---

[2] The Nevada Supreme Court also denied Neagle's emergency motion for immediate release from confinement. (Exh. 129.)

offense or if the court was without jurisdiction of the offense charged," a defendant may move for arrest of judgment. NRS 176.525.

Both NRS 484C.110(1) and NRS 484C.430(1)(f) criminalize driving or operating a vehicle while intoxicated. NRS 484C.110(1) criminalizes being intoxicated with a blood or breath alcohol concentration of 0.08 or more while driving or being "in actual physical control of a vehicle on a highway or on premises to which the public has access." NRS 484C.430(1)(f), on the other hand, states that a defendant who:

> Has a prohibited substance in his or her blood or urine, as applicable, in an amount that is equal to or greater than the amount set forth in subsection 3 or 4 of NRS 484C.110, and does any act or neglects any duty imposed by law while driving or in actual physical control of any vehicle on or off the highways of this State, if the act or neglect of duty proximately causes the death of, or substantial bodily harm to, another person, is guilty of a category B felony. . . .

(Emphasis added.) "Highway" is defined as "the entire width between the boundary lines of every way dedicated to a public authority when any part of the way is open to the use of the public for purposes of vehicular traffic, whether or not the public authority is maintaining the way." NRS 484A.095. Thus, under NRS 484C.430, a defendant who, while intoxicated, drives a vehicle anywhere in Nevada and causes a victim substantial bodily harm is guilty of a category B felony. *See Hudson v. Warden*, 117 Nev. 387, 395-96, 22 P.3d 1154, 1160 (2001) (determining that the district court had jurisdiction over offenses occurring both on the highway and off the highway under NRS 484.3795 (later substituted by NRS 484C.430)).

In this case, the amended information omitted "off the highways" from NRS 484C.430 and added "on premises to which the public has access" from NRS 484C.110, creating what Neagle claims is a "hybrid" location element. But when a criminal statute covers multiple alternatives, there is no requirement that a criminal charge recite every iteration that the statute covers; a charge is permitted to include only the alternatives that apply to the case at hand and omit alternatives that do not apply. Although the amended information included extraneous language taken from NRS 484C.110, it clearly charged Neagle with driving while intoxicated on South Rainbow Boulevard in front of the liquor store and off a Nevada highway, resulting in substantial bodily harm, which are all of the necessary elements to charge a crime under NRS 484C.430. Further, the amended information charged Neagle with a category B felony for causing substantial bodily harm, which unambiguously means the charge was brought pursuant to NRS 484C.430. While the amended information cites to both NRS 484C.110 and NRS 484C.430, NRS 173.075(3) provides that "[e]rror in the citation or its omission is not a ground for

8

> dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice." Significantly, Neagle failed to argue that the error in the amended complaint misled him to his prejudice. We therefore conclude that the district court did not err in denying Neagle's motion for arrest of judgment because the amended information, while imperfect, cited to NRS 484C.430, laid out the elements, and set forth facts in support.

(Exh. 150 at 2-5.)

Neagle cannot show prejudice. The state-court record reflects that he had actual notice of the nature of the charges. The state district court properly rejected his overly-technical, specious arguments to the contrary. He admitted to driving his truck onto the sidewalk while intoxicated and seriously injuring the victim pursuant to his guilty plea. Neagle has failed to demonstrate that the Nevada Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d). Neagle is not entitled to federal habeas relief on either ground 1 or ground 2. The petition, therefore, is denied in its entirety.

### III.     Certificate of Appealability

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a

constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and rulings in adjudicating Neagle's petition, the court finds that none of those rulings meets the *Slack* standard. The court therefore declines to issue a certificate of appealability for its resolution of Neagle's petition.

### IV.     Conclusion

**IT IS THEREFORE ORDERED** that the petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly and close this case.

DATED: 30 November 2022.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE