1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8  DARBY NEAGLE,                              Case No.: 2:21-cv-00225-KJD-BNW

9          Petitioner                  **Order Denying Motion to Alter or Amend**
                                            **Judgment Pursuant to**
10  v.                                         **FRCP 59(e)**

11  STATE OF NEVADA, *et. al*,                       (ECF No. 24)

12          Respondents.

13          In his 28 U.S.C. § 2254 habeas corpus petition, Darby Neagle challenged his conviction

14  for driving and/or being in actual physical control of a motor vehicle while under the influence of

15  an intoxicating liquor or alcohol resulting in substantial bodily harm. (ECF No. 1.) In November

16  2022, the court denied the petition on the merits, and judgment was entered. (ECF Nos. 22, 23.)

17  Neagle has filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or in

18  the alternative, for a certificate of appealability. (ECF No. 24.) Respondents opposed, and Neagle

19  replied. (ECF Nos. 25, 26.) As Neagle reiterates the arguments he made in his petition and

20  presents no evidence to demonstrate that this court committed clear error, the court denies the

21  motion.

22
23

## I.   Background

In September 2019, Neagle entered into a guilty plea agreement based on an incident in which he, while intoxicated, drove his truck up onto the sidewalk in front of a liquor store in Las Vegas (Clark County) Nevada, pinning a store employee to a wall, severely injuring him, then drove away from the scene. (*See* Exh. 22, pp. 14-20.)[1] The state district court sentenced him to a term of 36 to 120 months in prison. (Exh. 117.) Judgment of conviction was entered on February 19, 2020. (*Id*.) The Nevada Court of Appeals affirmed Neagle's conviction in July 2020 and affirmed the denial of his state postconviction habeas corpus petition in March 2021. (Exhs. 150, 173.) Neagle filed his federal petition on February 10, 2021. The court denied Neagle's two grounds for relief and declined to issue a certificate of appealability. (ECF No. 22.)

## II.   Motion to Alter/Amend Judgment

Rule 59(e) allows a litigant to file a "motion to alter or amend a judgment" within 28 days of the entry of judgment. *Banister v. Davis*, 140 S.Ct. 1698, 1703 (2020). "[F]ederal courts generally have [used] Rule 59(e) only" to "reconsider[ ] matters properly encompassed in a decision on the merits." *Id*. (internal quotations and citations omitted). "[A]ltering or amending a judgment under Rule 59(e) is an extraordinary remedy usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *See Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9ᵗʰ Cir. 2016.) The *Davis* Court emphasized that courts will not address new arguments or evidence that the moving party could have raised before the decision issued. 140 S.Ct. at 1703.

---

[1] Exhibits referenced in this order are respondents' exhibits and are found at ECF Nos. 5-8, 18.

Apparently Neagle seeks relief under the first category; he argues that this court overlooked legal and factual errors. (ECF No. 24.) He reiterates his arguments that the amended information charged him with a Driving Under the Influence (DUI) offense of the district attorney's own making by commingling statutory "elements" from two separate crimes, NRS 484C.110 (misdemeanor) and NRS 484C.430 (felony). Thus, he argues the information did not charge a crime and did not confer subject matter jurisdiction on the state district court (or any court). He insists that there is no state statute authorizing or making the commingling of NRS 484C.110 and NRS 484C.430 a public offense, and without such a statute, there is no crime (ground 1). (NRS 193.050(1), ECF No. 1, pp. 5-7.) He claims that because the amended information did not charge a public offense, the Nevada courts lacked subject matter jurisdiction (ground 2). (ECF No. 1 at 7-12.) Neagle asserts that United States Supreme Court law requires that the formal accusation set forth the elements of the offense intended to be charged and not substitute elements from other separate and distinct statutory crimes in order to confer subject matter jurisdiction.

The amended information charged Neagle with:

Driving and/or being in actual physical control of a motor vehicle while under the influence of an intoxicating liquor or alcohol resulting in substantial bodily harm (Category B Felony – NRS 484C.110, 484C.430, 484C.105) . . . [for] willfully and unlawfully driv[ing] and/or be[ing] in actual physical control of a motor vehicle on a highway or on premises to which the public has access [while intoxicated].
(Exh. 104.)

NRS 484C.430 states that a person who is under influence and drives a vehicle "on or off the highways of this State" is guilty of a category B felony. While 484C.110 applies to a driver "on a highway or on premises to which the public has access." Thus, the amended information

was admittedly inartful when it described the location as "on a highway or on premises to which

the public has access," instead of "on or off the highways of this State."

The Nevada Court of Appeals affirmed the denial of the claims:

> In this case, the amended information omitted "off the highways" from NRS 484C.430 and added "on premises to which the public has access" from NRS 484C.110, creating what Neagle claims is a "hybrid" location element. But when a criminal statute covers multiple alternatives, there is no requirement that a criminal charge recite every iteration that the statute covers; a charge is permitted to include only the alternatives that apply to the case at hand and omit alternatives that do not apply. Although the amended information included extraneous language taken from NRS 484C.110, it clearly charged Neagle with driving while intoxicated on South Rainbow Boulevard in front of the liquor store and off a Nevada highway, resulting in substantial bodily harm, which are all of the necessary elements to charge a crime under NRS 484C.430. Further, the amended information charged Neagle with a category B felony for causing substantial bodily harm, which unambiguously means the charge was brought pursuant to NRS 484C.430. While the amended information cites to both NRS 484C.110 and NRS 484C.430, NRS 173.075(3) provides that "[e]rror in the citation or its omission is not a ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice." Significantly, Neagle failed to argue that the error in the amended complaint misled him to his prejudice. We therefore conclude that the district court did not err in denying Neagle's motion for arrest of judgment because the amended information, while imperfect, cited to NRS 484C.430, laid out the elements, and set forth facts in support.

(Exh. 150 at 2-5.)

Denying the federal petition, this court reasoned:

> Neagle cannot show prejudice. The state-court record reflects that he had actual notice of the nature of the charges. The state district court properly rejected his overly-technical, specious arguments to the contrary. He admitted to driving his truck onto the sidewalk while intoxicated and seriously injuring the victim pursuant to his guilty plea. Neagle has failed to demonstrate that the Nevada Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

(ECF No. 22 at 9.)

4

This court had previously declined to dismiss the petition as noncognizable on federal habeas review. (ECF No. 14.) The Nevada appellate court concluded that the amended information did not violate state law. (Exh. 150.) Even liberally construing the petition as presenting federal due process claims, Neagle has failed to show that the state court decision violated any clearly established U.S. Supreme Court law. Thus he cannot demonstrate that the decision was contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Accordingly, Neagle's motion is denied.

### III.     Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motion to alter or amend judgment (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

DATED: 7 August 2023.

_____

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE